[No. 32953-7-I.   Division One.   February 27, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT EVERETT DREW, *Appellant*.

*Patricia Novotny* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Whisman, Deputy,* for respondent.

PER CURIAM. — Robert Drew appeals from the judgment and sentence entered following his conviction for first degree burglary. A commissioner of this court referred the matter for accelerated review pursuant to RAP 18.12. We affirm.

The victim was Drew's former girlfriend. She testified he forced his way into her apartment, then over a 2-hour period beat, raped and threatened to kill her. He testified they participated in consensual sex and denied assaulting and raping her. Drew was charged with burglary in the first degree as follows: "[Defendant] did enter and remain unlawfully in the dwelling of [victim] . . . with intent to commit a crime against a person or property therein, and in entering, and while in such dwelling and in immediate flight therefrom, the defendant did assault [victim]." Drew was also charged with being armed with a deadly weapon during the commission of the offense. RCW 9A.52.020; RCW 9.94A.125.

Drew was convicted of these offenses and sentenced to a term of 36 months.[1] The judgment and sentence imposed a term of community placement based on commission of a

---

[1]Drew was also charged with first degree rape and first degree robbery but was not convicted of those charges.

crime against a person while the defendant was armed with a deadly weapon. RCW 9.94A.120(8)(a).

Drew first challenges the authority of the trial court to impose a term of community placement for the crime of first degree burglary. The sentencing court must impose community placement for sex offenses, serious violent offenses, assault in the second degree, assault of a child in the second degree, certain enumerated drug offenses, and "any crime against a person where it is determined . . . that the defendant . . . was armed with a deadly weapon[.]" RCW 9.94A.120(8)(a).

Drew contends that first degree burglary is not included in any of the above categories. Specifically, he argues: "It is not a crime against a person, but a crime against property." He relies primarily on *State v. Kisor*, 68 Wn. App. 610, 844 P.2d 1038, *review denied*, 121 Wn.2d 1023 (1993). Drew asks this court to strike the community placement provision from the judgment and sentence.

■ Research has not disclosed a definition of "crime against a person" in the criminal statutes.[2] However, we agree with the State that the meaning of the phrase encompasses the instant crime. The victim testified that Drew assaulted her with a knife, beat her, and raped her. In order to convict on the burglary charge, the jury was instructed it had to find that Drew assaulted the victim. The facts of this case fall squarely within the common sense meaning of "crime against a person". We need not reach the broader issue of whether all first degree burglaries constitute such crimes.[3]

---

[2]Although the community placement statute provides no definition of "crime against a person", two other statutes related to crimes list burglary in the first degree as a crime against persons. RCW 9.94A.440 provides standards for guiding charging decisions of prosecutors. The statute lists first degree burglary as a crime against persons. Similarly, RCW 43.43.830(5), regarding disclosure by the Washington State Patrol of the criminal records of applicants for employment in certain service industries, categorizes first degree burglary as a " '[c]rime against children or other persons' ".

[3]*State v. Kisor, supra,* upon which Drew relies, also concerns a term of community placement for first degree burglary. This court struck down the community placement term. However, the State correctly points out that *Kisor* is distinguish-

Since the remainder of this opinion has no precedential value, it will not be published. *See* RCW 2.06.040; CAR 14.

able. In *Kisor* the defendant was convicted of first degree burglary, theft, and harming a police dog. The trial court ordered community placement without specifying which crime justified the sentence. Apparently, the State argued only that one or more of the offenses was a "serious violent offense". The court rejected this argument because neither first degree burglary, theft, nor harming a police dog is included in the category of serious violent offenses listed in RCW 9.94A.030(29). Concluding "there was no legal basis for the community placement order", the court set it aside. *Kisor*, 68 Wn. App. at 619.

The court in *Kisor* never addressed the particular argument raised here, that first degree burglary requires community placement under the prong of RCW 9.94A.120(8)(a) concerning crimes against a person where the defendant is armed with a deadly weapon. Furthermore, the decision does not reveal any facts suggesting that an assault or other violent crime was committed in that burglary. The case is distinguishable on this basis.