[No. 38611-5-I.   Division One.   July 20, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY CLIFFORD BARNETT, *Appellant*.

---

*Kimberly N. Gordon* of *Washington Appellate Project*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

GROSSE, J. — Initiative 159, the "Hard Time for Armed Crime Act," does not violate the single subject rule of article II, section 19 of the state constitution as applied to Jeffrey Barnett's conviction for first degree burglary. We remand the case to the trial court for resentencing, however, because the facts do not support a conclusion that Barnett committed a crime against a person as required for a sentence of community placement.

## FACTS

Barnett and his codefendant unlawfully entered Jerry's Surplus around midnight and stole seven firearms. They were pursued by the police, who eventually cornered their car on a dead-end street. The police found the stolen weapons in the trunk of the car.

Barnett was charged and convicted of first degree burglary at a stipulated trial. The trial court sentenced him to 15 months but then imposed the mandatory enhancement of five years under RCW 9.94A.310(3)(a), for being armed during the commission of the crime. The court also imposed a one-year community placement sentence under RCW 9.94A.120(9)(a). Barnett appeals.

## DISCUSSION
### I.

Barnett challenges his conviction and sentence enhancement contending that the provisions of Initiative 159 that expand the first degree burglary statute to include armed burglaries of nonresidential buildings and impose mandatory sentence enhancements for armed crimes violate the single subject rule of the Washington Constitution. Initiative 159's legislative title, however, contains only one

subject, "increasing penalties for armed crime."[1] Considering only those provisions of the initiative that are actually at issue on appeal, Barnett fails to demonstrate a constitutional violation.[2]

█ Initiative 159, section 9, "expands the crime of burglary in the first degree to cover entry or remaining in a *building*, not just a *dwelling*, with the intent to commit a crime against a person or property while armed with a deadly weapon[.]"[3] Under pre-Initiative 159 law, Barnett would have been guilty of only second degree burglary for burglarizing Jerry's Surplus, a nondwelling building, while armed.[4] "Therefore, the 'armed with a deadly weapon' provision of section 9 [the provision under which Barnett was convicted,] falls squarely within Initiative 159's restrictive title's single subject of 'increasing penalties for armed crime.'"[5] Accordingly, Initiative 159, section 9's "armed with a deadly weapon" provision does not violate the single subject rule of article II, section 19 of the Washington Constitution.

## II.

Barnett also challenges his sentence to community placement. RCW 9.94A.120(9)(a) requires trial courts to impose a one-year sentence of community placement on defendants convicted of a crime against a person when the defendant or an accomplice is armed with a deadly weapon.

When a court sentences a person to a term of total confine-

---

[1]*State v. Broadaway*, 133 Wn.2d 118, 126, 127-28, 942 P.2d 363 (1997) (holding, "[W]here an initiative to the Legislature is enacted by the Legislature, the legislative title is the relevant title for purposes of article II, section 19.").

[2]*See id.* at 128 (holding, "The provisions of Initiative 159 are severable such that passage of valid portions may be presumed, and elimination of those provisions which Defendant alleges are unconstitutional would not render the remainder of the Act incapable of accomplishing the legislative purpose of increasing penalties for numerous armed crimes.").

[3]*Id.* at 123 n.1.

[4]*See State v. Burke*, 90 Wn. App. 378, 385, 952 P.2d 619 (1998).

[5]*Id.*

ment to the custody of the department of corrections for an offense categorized as . . . any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, . . . the court shall in addition to the other terms of the sentence, sentence the offender to a one-year term of community placement beginning either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned early release in accordance with RCW 9.94A.150 (1) and (2).[6]

The sole question here is whether the specific facts in Barnett's conviction for first degree burglary support a conclusion that his conviction constitutes a crime against a person.

In *State v. Drew*,[7] this court addressed the same issue but held that while the meaning of "crimes against a person" is not defined in the criminal statutes, the "common sense meaning" of the phrase encompassed Drew's acts because Drew assaulted his victim with a knife, beat her, and raped her.[8] We declined to address the "broader issue of whether all first degree burglaries constitute such crimes."[9] This case presents the "broader issue."

A person can commit first degree burglary with intent only to commit a crime against property.

(1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person.[10]

Barnett stole weapons from a business, and there was no

---

[6]RCW 9.94A.120(9)(a).

[7]*State v. Drew*, 77 Wn. App. 339, 891 P.2d 39 (1995).

[8]*Id.* at 341.

[9]*Id.* (footnote omitted).

[10]RCW 9A.52.020.

evidence that he intended to commit, or in fact committed, a crime against a person. The State contends, however, that the court should not look to the actual conduct but instead to the categorization of crimes for prosecuting standards in the Sentencing Reform Act of 1981, which includes first degree burglary as a "crime against a person."[11] The State's definition, however, would render part of RCW 9.94A.120(9)(a) superfluous.

■ When a defendant commits a crime against a person, a sentence of community placement under RCW 9.94A.120(9)(a) is required only when the defendant uses a deadly weapon. Because first degree burglary can be committed without a weapon by assaulting a person while in a building or immediate flight therefrom, the Legislature could not have intended the statute to apply to all first degree burglaries. The facts of each case, therefore, must dictate whether a court may impose community placement for crimes against a person while armed with a deadly weapon.

Barnett's burglary conviction was based on his intent to commit a crime against property, i.e., the theft of weapons from a business at midnight. Consequently, the facts of this case do not support a conclusion that community placement is appropriate here.

■ We also note that Barnett's community placement sentence was imposed as part of boilerplate language contained on his judgment and sentence form. The form lists the crimes to which community placement is applicable and states, "Community placement is ordered for the period of time provided by law." The Washington Supreme Court looking at identical language in *State v. Broadaway* held, "In addition to its statutory obligation the trial court should expressly provide in the sentence for the precise term of community placement because in many cases it will assist a trial court in assessing the overall sentence for

[11]RCW 9.94A.440.

the defendant . . . ."[12] "Where a sentence is insufficiently specific about the period of community placement required by law, remand for amendment of the judgment and sentence to expressly provide for the correct period of community placement is the proper course."[13]

We affirm Barnett's conviction but remand for resentencing.

BAKER and ELLINGTON, JJ., concur.

Review granted at 137 Wn.2d 1008 (1999).

---

[12]*Broadaway*, 133 Wn.2d at 135.

[13]*Id.* at 136.