987 P.2d 626 (1999)
139 Wash.2d 462
STATE of Washington, Petitioner,
v.
Jeffrey C. BARNETT, Respondent.
No. 67171-1.
Supreme Court of Washington, En Banc.
Argued May 25, 1999.
Decided October 28, 1999.
*627 James H. Krider, Pros. Atty., and Seth Aaron Fine, Deputy, Everett, for Petitioner.
Oliver R. Davis, Seattle, for Respondent.
SANDERS, J.
The issue before us is whether first degree burglary is a "crime against a person" for purposes of the community placement statute,[1] when committed by entry into a commercial building after close of business and when no person was injured or threatened in the course of the crime. We find that the first degree burglary committed in this case is not a "crime against a person" and we affirm the Court of Appeals.

I.

FACTS
Shortly after midnight on July 28, 1995, Barnett and his co-defendant, Kirby, unlawfully entered Jerry's Surplus (a business in Everett, Washington) and stole seven firearms. They left in a car moments before the police arrived and a chase ensued. Defendants' car was eventually cornered on a dead-end street and Barnett and Kirby fled on foot. A police dog quickly caught Barnett, who was bitten during a struggle with the dog. All the weapons stolen from Jerry's Surplus were found in the backseat of the car.
Following a stipulated trial, Barnett was found guilty as charged of first degree burglary while armed with a deadly weapon. The trial court sentenced him to a total of 75 months, calculated by adding a 15-month sentence to the five-year enhancement for being armed during the crime mandated by RCW 9.94A.310(3)(a). The trial court also imposed a one year community placement sentence under RCW 9.94A.120(9)(a).
*628 Division One of the Court of Appeals affirmed Barnett's conviction but found that the facts of the case did not support the community placement. State v. Barnett, 91 Wn.App. 671, 676, 959 P.2d 691 (1998). The state and Barnett both petitioned for review. We denied Barnett's petition but granted the state's petition challenging the ruling of the Court of Appeals on the community placement issue. State v. Barnett, 137 Wn.2d 1008, 978 P.2d 1100 (1999).

II.

ANALYSIS
A trial court may only impose a sentence which is authorized by statute. In re Personal Restraint of Carle, 93 Wash.2d 31, 604 P.2d 1293 (1980). A court obtains authority to sentence a defendant to community placement under RCW 9.94A.120. That statute was amended in the 1999 legislative term, Laws of 1999, ch. 196, but the pre-1999 statute which is relevant to this case states:
When a court sentences a person to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense or a serious violent offense committed after July 1, 1988, but before July 1, 1990, assault in the second degree, assault of a child in the second degree, any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, or any felony offense under chapter 69.50 or 69.52 RCW not sentenced under subsection (6) of this section, committed on or after July 1, 1988, the court shall in addition to the other terms of the sentence, sentence the offender to a one-year term of community placement beginning either upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned early release in accordance with RCW 9.94A.150 (1) and (2).
RCW 9.94A.120(9)(a). A separate subsection permits two years or more of community placement in the case of certain other crimes.[2] RCW 9.94A.120(9)(b).
Barnett was sentenced by the trial court to community placement following his conviction for first degree burglary under the part of RCW 9.94A.120(9)(a) which permits community placement for "any crime against a person where it is determined ... that the defendant or an accomplice was armed with a deadly weapon at the time of commission." To qualify for community placement under this part of the statute Barnett must (1) have committed a "crime against a person" and (2) have been armed with a deadly weapon or have had an accomplice armed with a deadly weapon at the time of the commission of the crime. Barnett does not dispute that he was armed with a deadly weapon, and the issue presented in this case is whether the Court of Appeals was correct when it held Barnett did not commit a crime against a person and the trial court did not have authority to impose community placement.
The parties agree that the reasoning of the Court of Appeals is flawed.[3] The state argues *629 the categorization of first degree burglary as a crime against a person under RCW 9.94A.440 should be applied to the community placement provisions of RCW 9.94A.120(9)(a), relying on Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 813, 828 P.2d 549 (1992). The state also argues on a policy level that the Court of Appeals decision eliminates community placement as an option for "a large group of dangerous offenders...." Pet. for Review at 7.
In response Barnett argues RCW 9.94A.440, which establishes standards of guidance for prosecutors, should not be applied to determine the meaning of a crime against a person for the purposes of the community placement statute. Barnett asserts the community placement statute is unambiguous and in absence of a definition the phrase "crime against a person" should be afforded its commonsense meaning. In the alternative he argues if the court finds the phrase "crime against a person" to be ambiguous then the rule of lenity requires the statute be strictly construed in favor of the defendant.
A. Definition of "crime against a person" in RCW 9.94A.120(9)(a).
The state argues the inclusion of first degree burglary in a categorization of "crimes against persons" in RCW 9.94A.440 should control the interpretation of the phrase "crime against a person" in RCW 9.94A.120(9)(a). In support of this argument the state cites Cowiche Canyon Conservancy, 118 Wash.2d at 813, 828 P.2d 549 ("If a term is defined in a statute, that definition is used.").
The term "crime against a person" is not defined in the definition section of the Sentencing Reform Act of 1981, chapter 9.94A RCW, which provides definitions for various terms applicable throughout the chapter. RCW 9.94A.030. The state argues RCW 9.94A.440 should be used to define the term "crime against a person" in RCW 9.94A.120(9)(a). However RCW 9.94A.440 does not purport to define terms in the Sentencing Reform Act of 1981; rather, it is entitled "Evidentiary sufficiency" and is under the heading "RECOMMENDED PROSECUTING STANDARDS FOR CHARGING AND PLEA DISPOSITIONS." RCW 9.94A.440(2) details different standards of evidentiary sufficiency for filing charges regarding "CRIMES AGAINST PERSONS" and "CRIMES AGAINST PROPERTY/OTHER CRIMES" and incorporates a table headed "CATEGORIZATION OF CRIMES FOR PROSECUTING STANDARDS" (emphasis added). In that table first degree burglary is listed under "CRIMES AGAINST PERSONS." The introduction to the prosecuting standards section of the Sentencing Reform Act of 1981 states, "These standards are intended solely for the guidance of prosecutors in the state of Washington." RCW 9.94A.430.
RCW 9.94A.120 and RCW 9.94A.440 have very different histories. Although both are part of the Sentencing Reform Act of 1981, chapter 9.94A RCW, they were enacted by different statutes. RCW 9.94A.440 was passed by the legislature in 1983 as part of a statute entitled "SENTENCING GUIDELINESPROSECUTING STANDARDS," Laws of 1983, ch. 115, § 15, whereas the pertinent language of what is now RCW 9.94A.120(9)(a) was first introduced in 1988 as part of a statute entitled "COMMUNITY PLACEMENT," Laws of 1988, ch. 153, § 1. Although both are codified in the same chapter, these statutes deal with very different subject matter.
*630 In the context of the language and history of the statutory provisions it is clear the table in RCW 9.94A.440 is neither intended to function as a general definition section to apply throughout the Sentencing Reform Act of 1981, nor is it specifically applicable to the community placement provisions of RCW 9.94A.120(9)(a). This has been recognized by Division One which considered the community placement statute in State v. Drew, 77 Wash.App. 339, 341, 891 P.2d 39 (1995), stating that "[r]esearch has not disclosed a definition of `crime against a person' in the criminal statutes," noting RCW 9.94A.440 (categorizing first degree burglary as a crime against a person for the purpose of guiding charging decisions of prosecutors) and RCW 43.43.830(5) (categorizing first degree burglary as a "`[c]rime against children or other persons'" for purposes of certain disclosure of crimes to potential employers by the Washington State Patrol). Drew, 77 Wash.App. at 341 n. 2, 891 P.2d 39.
The state cites Cowiche Canyon Conservancy, 118 Wash.2d at 813, 828 P.2d 549, for the proposition that when a term is defined in a statute it should be applied throughout the statute. Although this is an accurate statement of the law, the state presents only conclusory statements about why RCW 9.94A.440, dealing with prosecutorial evidentiary standards, serves to define terms elsewhere in the Sentencing Reform Act of 1981. In short the state fails to demonstrate the phrase "crime against a person" in RCW 9.94.120(9)(a) is defined in the Sentencing Reform Act of 1981, rendering inapplicable the statement in Cowiche Canyon Conservancy which is relied on by the state. Although the state's argument is somewhat appealing in its simplicity, it ultimately fails to persuade.
Given that the phrase "crime against a person" in RCW 9.94A.120(9)(a) is undefined in the statute, how should it be interpreted? The state does not answer this question in its briefs.[4] Barnett, however, argues the phrase should be given its plain and ordinary meaning. Cowiche Canyon Conservancy states, "Absent a statutory definition, the term is generally accorded its plain and ordinary meaning unless a contrary legislative intent appears." Cowiche Canyon Conservancy, 118 Wash.2d at 813, 828 P.2d 549. If an unambiguous term is undefined in a statute it should be given its plain meaning derived from the statutory language. State v. Riles, 135 Wash.2d 326, 340, 957 P.2d 655 (1998) ("Absent ambiguity, a statute's meaning must be derived from the wording of the statute itself without judicial construction or interpretation."); State v. Chester, 133 Wash.2d 15, 21, 940 P.2d 1374 (1997) ("If a statute is unambiguous, it is not subject to judicial construction and its meaning is to be derived from the language of the statute alone."); Cherry v. Municipality of Metro. Seattle, 116 Wash.2d 794, 799, 808 P.2d 746 (1991).
A plain and ordinary definition of the phrase "crime against a person" would be one encompassing any offense involving unlawful injury or threat of injury to the person or physical autonomy of another.[5] An assault, for example, constitutes a crime against a person whereas a theft would typically constitute a crime against property. However, a more difficult case is presented by armed first degree burglary which may or may not involve injury or threat of injury *631 to a person depending on the specific circumstances of its commission. For example in Drew, 77 Wash.App. 339, 891 P.2d 39, the defendant was convicted of first degree burglary after forcing his way into an apartment and assaulting a woman with a knife, beating her and raping her. Id. at 341, 891 P.2d 39. Division One found the community placement statute applicable, holding that "[t]he facts of this case fall squarely within the common sense meaning of `crime against a person.'" Id. Using a commonsense approach it is equally clear that an armed first degree burglar who neither injures nor threatens to injure another person does not commit a crime against another person.
In this case, Barnett entered an unoccupied business around midnight and stole some guns. When confronted by the police, he fled first in a car and then on footall the stolen guns were recovered from the rear of the vehicle. Clerk's Papers at 118-19. At no time during the burglary or the flight therefrom did Barnett injure or threaten to injure any person. Although Barnett initially resisted the police dog and was bitten as a result, a police dog is clearly not a "person." Webster's Third New International Dictionary 1686 (1981) (defining "person" as "a human being as distinguished from an animal or thing"). It is therefore clear that in the circumstances of this case Barnett did not commit a "crime against a person."
The amendment made to the statute by the legislature in the 1999 session expressly provides the definition in RCW 9.94A.440 should be applied only to post-amendment crimes. The legislature added a new part to RCW 9.94A.120(9)(a) which specifically provides for community placement when a person is sentenced to "any crime against a person under RCW 9.94A.440(2)" committed after the amendment becomes effective but before July 1, 2000. RCW 9.94A.120(9)(a)(ii) (1999). Although the legislature added this specific reference to the prosecutorial standards statute for crimes committed after the subsection became effective, it made no such amendment to RCW 9.94.120(9)(a)(i) (the former RCW 9.94A.120(9)(a)) which pertains to crimes committed after July 1, 1988 but before the section became effective. The legislature therefore made a distinction between pre- and post-1999 events, determining that post 1999 the phrase "crime against a person" was defined by 9.94A.440 whereas crimes committed before the amendment to the statute became effective were not so defined. Accordingly RCW 9.94A.440 is inapplicable because Barnett's crime was committed in 1995.
B. State's policy argument.
On a policy level, the state expresses concern that the Court of Appeals' ruling "eliminates community placement for a large group of dangerous offenders: those who commit first degree burglary while armed with a weapon, without expressly threatening or injuring a person." Pet. for Review at 7. On its face this argument is problematic: the state is concerned with a certain group of offenders it describes as "dangerous," yet nevertheless admits their crimes were committed "without expressly threatening or injuring a person." Id. According to the state's policy argument, the danger posed by this group of offenders is therefore at best only potential, not actual, threat or injury to a person. Thus, as in Mr. Barnett's case, the state seeks to sentence such offenders not for specific action taken during the crime but for any number of potential actions he could have taken during the crime (i.e., the possibility of armed violence against a person). However, the state's argument ignores the plain language of RCW 9.94A.120(9)(a), which clearly does not impose community placement for potential crimes, and which is triggered only after a finding of guilt. State v. Kisor, 68 Wash.App. 610, 618-19, 844 P.2d 1038 (1993) (holding sentencing court may not consider conduct for which defendant was acquitted as a basis for community placement order). Furthermore the legislature clearly could have decided to impose community placement for crimes against property where no injury or threat of injury was made, but it did not choose to do so.
Our interpretation of the phrase "crime against a person" both furthers the legislative goal of protecting the public against offenders who have injured or threatened to injure another and ensures that offenders *632 whose underlying offense did not include such behavior are not punished as if they had perpetrated such injuries or made such threats.

III.

CONCLUSION
The phrase "crime against a person" in former RCW 9.94A.120(9)(a), as applied to the facts of this case, does not permit the trial court to impose community placement against Barnett, who was convicted of armed first degree burglary without injuring or threatening another during the course of the crime. The Court of Appeals is affirmed.
GUY, C.J., and SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, IRELAND, JJ., and SWEENEY, J. Pro Tem., concur.
NOTES
[1] RCW 9.94A.120(9)(a) was amended in the 1999 legislative session and is now comprised of two subparts. Laws of 1999, ch. 196, § 5. It is the pre-1999 law which is applicable to this case and all references in this opinion to chapter 9.94 RCW are to the pre-1999 statute, unless otherwise stated.
[2] Two years' community placement or community placement for up to the period of earned early release award, whichever is longer, is required for "an offense categorized as a sex offense committed on or after July 1, 1990, but before June 6, 1996, a serious violent offense, vehicular homicide, or vehicular assault, committed on or after July 1, 1990...." RCW 9.94A.120(9)(b).
[3] The Court of Appeals rejected the state's argument that community placement should be predicated on the category of crime, rather than its facts, reasoning such an approach would render RCW 9.9A.120(9)(a) superfluous in part:

When a defendant commits a crime against a person, a sentence of community placement under RCW 9.94A.120(9)(a) is required only when the defendant uses a deadly weapon. Because first degree burglary can be committed without a weapon by assaulting a person while in a building or immediate flight therefrom, the Legislature could not have intended the statute to apply to all first degree burglaries.
Barnett, 91 Wash.App. at 676, 959 P.2d 691. Accordingly, the court held the facts of each particular case should be examined in the case of armed first degree burglary to determine whether a crime was committed against a person for the purposes of the community placement statute. Id.
The crime of first degree burglary is committed by someone who enters or remains unlawfully in a building with intent to commit a crime if during the crime or immediate flight therefrom that person is either (1) armed with a deadly weapon or (2) assaults any person. RCW 9A.52.020(1). Clearly first degree burglary based on unarmed assault is a crime against a person. However the parties are correct in their agreement that this fact is irrelevant to the interpretation of RCW 9.94A.120(9)(a) because the relevant language in the community placement statute is not triggered until the defendant is armed with a deadly weapon. The disputed portion of the community placement statute would be simply inapplicable if a defendant convicted of first degree burglary was not armed. Whether first degree burglary can be committed without a deadly weapon is not the issue presented by this case (in which the defendant concedes he was armed). Rather the issue in this case is whether armed first degree burglary absent assault or intent to assault is a crime against a person for the purpose of the community placement statute. The Court of Appeals did not squarely address this in its reasoning.
[4] The state filed only one brief with this court its Petition for Review containing a total of four pages of argument. Pet. for Review at 3-7. The brief filed with the Court of Appeals similarly contains only four pages of argument on the point being reviewed by this court. Court of Appeals Br. of Resp't at 4-8. In those briefs the state does not make any argument as to the definition of the phrase "crime against a person" beyond asserting that it must be defined with reference to RCW 9.94A.440. Court of Appeals Br. of Resp't at 7 ("It might be argued that these definitions [of "crimes against persons" in RCW 9.94A.440] do not apply to other portions of the Sentencing Reform Act. Such an argument would not be tenable.").
[5] Although the dictionary may be consulted in the absence of a definition of a term in a statute, State v. Bolar, 129 Wash.2d 361, 917 P.2d 125 (1996), neither Webster's Third New International Dictionary nor Black's Law Dictionary defines the term "crime against a person." However Black's Law Dictionary defines "[c]rime against property" as "[t]erm used to describe a crime, the object of which is property as contrasted with person." Black's Law Dictionary 371 (6th ed.1990).