IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69734-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOVAL MANUEL GUTIERREZ, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 24, 2014 |

SCHINDLER, J. — Christoval Manual Gutierrez was convicted of indecent liberties with forcible compulsion of 21-year old S.R. Gutierrez challenges a number of the community custody conditions the court imposed after revoking the "Special Sex Offender Sentencing Alternative." The State concedes the challenged conditions should be stricken. We accept the State's concession and remand to strike the conditions and amend the judgment and sentence.

FACTS

On July 18, 2011, Christoval Manual Gutierrez pleaded guilty to one count of indecent liberties with forcible compulsion of 21-year-old S.R. The State agreed to recommend a Special Sex Offender Sentencing Alternative (SSOSA).

At sentencing, the court granted the request to impose a SSOSA. The court sentenced Gutierrez to 75 months of confinement suspended on condition he serve 12 months in confinement and comply with the community custody conditions as well as the "Additional Conditions of Sentence" proposed by the Department of Corrections (DOC).[1]

On December 6, 2012, the court found Gutierrez violated the conditions of community custody and revoked the SSOSA but did not modify the community custody conditions.

## ANALYSIS

For the first time on appeal, Gutierrez challenges a number of the community custody conditions the court imposed after revoking the SSOSA. Gutierrez argues the court did not have the authority to impose community custody conditions that were not crime related.

---

[1] The "Felony Judgment and Sentence" for the SSOSA states, in pertinent part:

(c) **Suspension of Sentence**. The court imposes 12 months . . . and suspends the remainder for the duration of the special sex offender alternative program. . . .

(d) **Community Custody**. The court places the defendant on community custody under the charge of DOC for the length of the suspended sentence, the length of the maximum term sentenced under RCW 9.94A.507, or three years, whichever is greater. The defendant shall comply with the community custody conditions in paragraph 4.2.

. . . .

**4.2 Community Custody Conditions**. The defendant shall comply with all rules, regulations and requirements of DOC and shall perform affirmative acts as required by DOC to confirm compliance with the orders of the court. The defendant shall abide by any additional conditions of community custody imposed by DOC under RCW 9.94A.704 and .706. . . .

The court orders that during the period of supervision the defendant shall:

. . . .

(7) be subject to the following terms and conditions or other conditions that may be imposed by the court or DOC during community custody:

. . . .

[X] comply with conditions in Appendix A [Additional Conditions of Sentence].

An illegal or erroneous sentence may be challenged for the first time on appeal. State v. Bahl, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). We review whether a court had the statutory authority to impose a community custody condition de novo. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). A court may impose only a sentence authorized by statute. State v. Barnett, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). A " '[c]rime-related prohibition' . . . directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10);[2] State v. Land, 172 Wn. App. 593, 605, 295 P.3d 782 (2013).

Gutierrez argues that the community custody conditions restricting computer and Internet access, conditions 15 through 19;[3] the conditions prohibiting and restricting

---

[2] We note RCW 9.94A.030 has been amended several times since August 2009. LAWS OF 2012, ch. 143, § 1; LAWS OF 2011, ch. 40, § 8; LAWS OF 2011, ch. 87, § 2; LAWS OF 2010, ch. 274, § 401; LAWS OF 2010, ch. 267, § 9; LAWS OF 2010, ch. 227, § 11; LAWS OF 2010, ch. 224, § 1; LAWS OF 2009, ch. 375, § 4; LAWS OF 2009, ch. 375, § 3. Because the definition of "crime-related prohibition" has not changed, we cite the current statute.

[3] Conditions 15 through 19 state:

15. Do not access the Internet or subscribe to any Internet service provider, by modem, LAN [(local area network)], DSL [(digital subscriber line)] or any other avenue (to include but not limited to, satellite dishes, PDAs [(personal digital assistants)], electronic games, web televisions, [I]nternet appliances and cell[u]lar/digital telephones, or I-pads/I-pods). And you shall not be allowed to use another's [sic] persons' [I]nternet or use the [I]nternet through any venue until approved in advance by DOC. Any electronic device, cell phone or computer to which you have access is subject to search.
16. Do not use computer chat rooms/social networking sites.
17. Do not use a false identity at any time on a computer.
18. You must subject to searches or inspections of any computer equipment to which you have regular access.
19. You may not possess or maintain access to a computer, unless specifically authorized by a Community Corrections Officer. You may not possess any computer parts or peripherals, including but not limited to hard drives, storage devices, digital cameras, web cams, wireless video devices or receivers, CD/DVD [(compact disc/digital versatile disc)] burners, or any device to store or reproduce digital media or images.

3

contact with minors, conditions 4 through 6 and 9 through 11;[4] and the condition prohibiting the possession of drug paraphernalia, condition 14,[5] are not crime related and must be stricken. The State concedes that because there is no evidence the charged crime involved the use of a computer or the Internet, harm to minors, or the use of drugs, these conditions are not crime related. We accept the State's concession. See State v. O'Cain, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008) (condition prohibiting Internet access is not crime related where the record shows Internet usage was not related to the crime); State v. Riles, 135 Wn.2d 326, 350, 957 P.2d 655 (1998) (condition that limits or prohibits contact with minors must relate to the underlying crime), abrogated on other grounds by State v. Valencia, 169 Wn.2d 782, 239 P.3d 1059 (2010); Land, 172 Wn. App. at 605 (where there is no evidence that drug use or drug possession bore any relation to the crime, a condition prohibiting drug paraphernalia is not crime related).[6]

---

[4] Conditions 4 through 6 and 9 through 11 state:

4. Do not initiate or prolong contact with minor children without the presence of an adult who is knowledgeable of the offense and has been approved by a Community Corrections Officer.
5. Do not seek employment or volunteer positions, which place you in contact with or control over minor children.
6. Do not enter areas where minor children are known to congregate, to include but not limited to camp grounds, parks, playgrounds, schools, pools, beaches, unless approved in advanced by a supervising Community Corrections Officer.

. . . .

9. Do not possess or control any item designated or used to entertain, attract or lure children unless approved in advance by a Community Corrections Officer.
10. Do not date women or form relationships with families who have minor children, unless approved in advance by a Community Corrections Officer.
11. Do not remain overnight in a residence where minor children live or are spending the night, unless approved in advance by a Community Corrections Officer.

[5] Condition 14 states, "Do not possess drug paraphernalia."

[6] Gutierrez also argues the conditions prohibiting or limiting contact with minors violate his constitutional right to parent a child, and the conditions prohibiting drug paraphernalia and the possession of items used to lure children are unconstitutionally vague. Because the State concedes the conditions are not crime related, we need not address the constitutional challenge.

Gutierrez argues the condition prohibiting the possession of pornographic materials and the condition prohibiting the possession of sexual stimulus materials for his deviancy are unconstitutionally vague. The State concedes conditions 7 and 8 should be stricken.[7] We accept the State's concession. See Bahl, 164 Wn.2d at 758-61 (condition that prohibits accessing or possessing pornographic materials and condition that prohibits sexual stimulus materials for a deviancy where no deviancy is diagnosed are unconstitutionally vague).

Gutierrez also contends the condition requiring him to submit to plethysmograph examinations is an unconstitutional bodily intrusion. The State concedes the reference to "plethysmograph examinations" in condition 23 should be stricken.[8] We accept the State's concession. See Land 172 Wn. App at 605 (condition requiring an individual to submit to a plethysmograph examination at the discretion of a community corrections officer is unconstitutional).

Last, Gutierrez challenges the condition requiring him to pay the costs of counseling and medical treatment. The State concedes that without a restitution order, the condition ordering payment of counseling and medical costs should be stricken.[9] We accept the State's concession. Under RCW 9.94A.670(6)(g), a court may order

---

[7] Conditions 7 and 8 read, in pertinent part:
7. Do not possess or access pornographic materials, as directed by a Community Corrections Officer. . . .
8. Do not possess or control sexual stimulus material for your particular deviancy as defined by a Community Corrections Officer and therapist except as provided for therapeutic purposes.
Gutierrez does not challenge the second sentence of condition 7 regarding establishments whose primary business pertains to sexually explicit material.

[8] Condition 23 reads, "Participate in urinalysis, Breathalyzer, polygraph and plethysmograph examinations as directed by a Community Corrections Officer." Gutierrez challenges the inclusion of only "plethysmograph examinations" in this condition.

[9] Condition 3 states, "Pay the costs of crime-related counseling and medical treatment required by [victim]."

payment of counseling and medical costs as part of a SSOSA. However, if the SSOSA is revoked, absent a restitution order, the court cannot order payment for counseling or medical treatment as a condition of community custody. See RCW 9.94A.703; Land, 172 Wn. App. 604 (a court may not order the payment of a victim's counseling and medical costs without a restitution order).

Consistent with the opinion in this case, we remand to strike the challenged conditions and amend the judgment and sentence.

WE CONCUR: