FILED
COURT OF APPEALS
DIVISION II

2014 APR -8 AM 8: 54

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45118-2-II |
| Respondent, | |
| v. | |
| LUCAS A. HARGRAVES, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Lucas Hargraves appeals his conviction for second degree robbery. He also appeals the community custody provision prohibiting him from entering places whose primary business is the sale of liquor. We affirm his conviction but remand for the trial court to strike the community custody provision.[1]

## FACTS

On March 21, 2013, Hargraves entered a Red Apple grocery store. Jason Gray, a Red Apple employee, observed Hargraves acting suspiciously. Gray observed Hargraves place a can of beer in his pocket. Hargraves did not pay for the beer, and Gray attempted to stop Hargraves as he exited the store. When Gray attempted to stop Hargraves, Hargraves came straight at him.

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

Gray grabbed Hargraves's collar and they spun around. Then Hargraves threw a punch at Gray. A customer intervened, and Gray was able to detain Hargraves in the store until police arrived.

The State charged Hargraves with second degree robbery and unlawful display of a weapon[2] by amended information on June 25, 2013. The amended information read,

> In the County of Mason, State of Washington, on or about the 21st day of March, 2013, the above-named Defendant, LUCAS A. HARGRAVES, did commit ROBBERY IN THE SECOND DEGREE, a Class B felony, in that said defendant, with intent to commit theft thereof, did unlawfully take personal property that the Defendant did not own from the person of another, to-wit: Jason Gray, or in said person's presence against said person's will by the use or threatened use of immediate force, violence, or fear of injury to said person or the property of said person or the person or property of another; contrary to RCW 9A.56.210(1) and RCW 9A.56.190 and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 101-02. At Hargraves's jury trial, Gray testified to the above facts. A jury found Hargraves guilty of second degree robbery.

The trial court sentenced Hargraves to a standard range sentence followed by 12 months of community custody. The trial court imposed community custody provisions, including prohibiting Hargraves from entering "bars, taverns, lounges, or other places whose primary business is the sale of liquor" (liquor establishments). CP at 13. Hargraves appeals.

ANALYSIS

Hargraves argues that the amended information charging him with second degree robbery was constitutionally defective. We disagree and affirm Hargraves's conviction. Hargraves also argues that the trial court exceeded its statutory sentencing authority by imposing the community custody provision prohibiting Hargraves from entering liquor establishments without a finding that Hargraves's crime was related to entering liquor establishments. The State concedes that the

---

[2] The charge of unlawful display of a weapon was dismissed by the trial court.

No. 45118-2-II

trial court exceeded its statutory sentencing authority. We accept the State's concession and remand to the trial court to strike the community custody provision prohibiting Hargraves from entering liquor establishments.

SUFFICIENCY OF THE INFORMATION

A charging document must include all essential elements of a crime to inform a defendant of the charges against him and to allow preparation for the defense. *State v. Phillips*, 98 Wn. App. 936, 939, 991 P.2d 1195 (2000) (citing *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991)). We review a challenge to the sufficiency of a charging document de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007). When a defendant challenges the sufficiency of the charging document for the first time on appeal, we construe the charging document liberally in favor of validity. *Kjorsvik*, 117 Wn.2d at 102. The test to determine the sufficiency of a charging document is (1) whether the essential elements appear in any form or can be found by any fair construction in the information; and (2) if so, whether the defendant nonetheless was actually prejudiced by the inartful language used. *Kjorsvik*, 117 Wn.2d at 105-06.

Hargraves argues that the charging document was defective because it failed to include language informing him that the force or threat of force was used to retain the property. The State argues that the information was not defective because Hargraves had not yet completed the taking, therefore the use of force was used to obtain the property. The State is correct. Because a robbery is not complete until the defendant has escaped, Hargraves used force to obtain the property and the information was sufficient.

Under the "transactional" analysis of robbery, the taking of property is "ongoing until the assailant has effected an escape." *State v. Truong*, 168 Wn. App. 529, 536, 277 P.3d 74, *review*

3

*denied*, 175 Wn.2d 1020 (2012). As Hargraves was leaving the store with the beer, Gray stopped him. At this point, Hargraves used force to keep from being detained by Gray. Because Hargraves had not effectuated escape from the store, the taking was still ongoing at the time he used force against Gray. Therefore, the information properly charged him with robbery by using force or the threat of force to unlawfully take property.

COMMUNITY CUSTODY PROVISION

Hargraves also argues that the trial court erred by including a community custody provision prohibiting him from entering liquor establishments without a finding that alcohol contributed to the crime. The State concedes that the trial court exceeded its sentencing authority by imposing a community custody provision prohibiting Hargraves from entering liquor establishments.

The trial court errs by imposing a community custody provision that exceeds its statutory authority. *State v. Barnett*, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). RCW 9.94A.030(10) authorizes the trial court to impose crime-related community custody provisions when the conduct prohibited by the condition directly relates to the crime for which the defendant was convicted. *See also* RCW 9.94A.703(3)(f). But the trial court did not find that entering liquor establishments was directly related to the robbery. Further, there are no facts in the record which support a finding that entering liquor establishments was directly related to the robbery. Therefore, the trial court exceeded its statutory authority by imposing the community custody

4

No. 45118-2-II

provision. We accept the State's concession and remand to the trial court to strike the improper community custody provision.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, A.C.J.

We concur:

HUNT, J.

MELNICK, J.

5