[No. 29841. Department One. March 28, 1946.]

*In the Matter of the Application for a Writ of Habeas Corpus of ROBERT GRANT, Appellant, v. TOM SMITH, as Superintendent of the State Penitentiary, Respondent.*[1]

*The Attorney General* and *R. Paul Tjossem, Assistant,* for respondent.

*Robert Grant, pro se.*

SIMPSON, J.—This is an appeal from an order denying a petition for writ of *habeas corpus.* In his petition the applicant sought to have declared null and void a judgment

[1]Reported in 167 P. (2d) 123.

of the superior court of Thurston county entered November 26, 1937, by which he was sentenced to two terms of twenty years' maximum each. One was for assault in the first degree and the other for robbery. The sentences were to run consecutively and not concurrently. Petitioner contends that the judgment in Thurston county was void because it did not designate the ending of the first and the beginning of the second term, and was therefore indefinite.

It is the rule in this state that a sentence for violation of law must be definite and certain. *Davis v. Catron,* 22 Wash. 183, 60 Pac. 131. The question presented in the instant case is whether the imposition of two sentences, specified to run consecutively, under the provisions of Rem. Rev. Stat. (Sup.), § 10249-1 [P. P. C. § 782-1] *et seq.,* is void because the ending of the first and the beginning of the second term is indefinite and uncertain. Petitioner relies on *United States v. Daugherty,* 269 U. S. 360, 70 L. Ed. 309, 40 S. Ct. 156, in support of his contention. That case was before the circuit court of appeals for the eighth circuit, *Daugherty v. United States,* 2 F. (2d) 691, wherein the facts were set forth. Daugherty was convicted under an indictment containing three counts of selling narcotics to three different persons on three different days. He was sentenced to five years' imprisonment on each count, the terms to run consecutively and not concurrently. He moved in arrest of judgment in the trial court upon the theory that he had been sentenced to fifteen years' imprisonment, when the maximum allowed under the act was five years. The court of appeals decided that he had been sentenced to five years only and said:

"Where sentences are imposed on verdicts of guilty, or pleas of guilty, on several counts or on several indictments consolidated for trial, it is the rule that the sentences so imposed run concurrently, in the absence of specific and definite provision therein that they be made to run consecutively by specifying the order of sequence."

This quotation was set out in the opinion of the United States supreme court cited by petitioner, and is apparently the language which he contends governs his case, but the

supreme court of the United States, after quoting the circuit court of appeals, stated that it had erred in its decision and announced the rule to be as follows:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard the judgment here questioned was sufficient to impose total imprisonment for fifteen years made up of three five-year terms, one under the first count, one under the second and one under the third, to be served consecutively and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, 'said term of imprisonment to run consecutively and not concurrently,' are not consistent with a five-year sentence."

See cases listed in 70 A. L. R. 1511.

In *Wall v. Hudspeth,* 108 F. (2d) 865, it appears that the petitioner for writ of *habeas corpus* had been convicted and sentenced in a Federal court, while serving an unexpired indeterminate sentence in a state penitentiary. The sentence in the Federal court provided that the term of imprisonment was to commence at the expiration of the one being served in the state prison. The court, after citing *United States v. Daugherty, supra,* stated:

"But it is urged that the sentence being served in the state penitentiary was from fourteen to twenty-eight years, that the state of Louisiana has an indeterminate sentence law, Code Cr. Proc. La. art. 529, and that therefore the exact time such sentence would terminate was indefinite and uncertain. The sentence in question here expressly provided in clear language that it should begin at the expiration of the one then being served which plainly meant that petitioner should commence serving it immediately at the expiration of the prior sentence, whether it expired by completion of the full term or by earlier termination in any other manner. Such a provision is not objectionably uncertain and indefinite."

Accord: *Collins v. United States,* 20 F. (2d) 574; and 16 C. J. 1306.

In *In re Sanford,* 10 Wn. (2d) 686, 118 P. (2d) 179, we announced the rule that, where two separate sentences upon two different causes under Rem. Rev. Stat. (Sup.), § 10249-1 *et seq.,* were imposed, and it was not specified how they were to run, it was within the power of the board of prison terms and paroles to order them to be served consecutively. The act under consideration has been held to be constitutional. *State v. Mulcare,* 189 Wash. 625, 66 P. (2d) 360.

▋ There is another reason for affirming the decision of the trial court. That reason is that, where a person has been sentenced to serve consecutively two terms of imprisonment, he may not attack the second sentence before the first has been served. In *In re Blystone,* 75 Wash. 286, 134 Pac. 827, it was held that, until the valid portion of a sentence has expired, the alleged void portion may not be attacked in a *habeas corpus* proceeding. In that case, petitioner was sentenced upon conviction of forgery to imprisonment of a minimum of fifteen and a maximum of twenty years, although the statute provided that the minimum should be five years. In passing, this court stated that it was not concerned with what the disposition of an application might be at the end of five years, but could only determine whether the error rendered the entire judgment and sentence void. We referred to *De Bara v. United States,* 99 Fed. 942, which enunciated the rule that, so long as a prisoner was serving under a sentence which could lawfully be imposed by the court, he may not complain.

▋ The record does not disclose the length of the term imposed by the board of prison terms and paroles under the first sentence imposed upon petitioner, and we cannot presume that it was less than twenty years. That being the situation, the petitioner has not as yet served the first term imposed by the court in Thurston county and cannot now complain.

Finding no error, we affirm the judgment of the trial court.

DRIVER, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.