968 P.2d 2 (1998)
93 Wash.App. 14
STATE of Washington, Respondent,
v.
Lonnie William JONES, Appellant.
No. 41740-1-I.
Court of Appeals of Washington, Division 1.
October 19, 1998.
As Amended and Publication Ordered November 30, 1998.
*3 David B. Koch, Nielsen Broman & Associates, Seattle, for Appellant.
John Francis McHale, King County Prosecutor's Office, Seattle, Appellate Unit, Seattle, for Respondent.
WEBSTER, J.
Appellant Lonnie Jones ("Jones") appeals his judgment and sentence, arguing that his case should be remanded to require the trial court to: (1) expressly provide for the precise community placement term; and (2) reassess Jones's term of incarceration in light of the period of community placement. We find that Jones's community placement sentence is insufficient under State v. Broadaway, 133 Wash.2d 118, 136, 942 P.2d 363, 373 (1997), because a provision in Jones's judgment and sentence form conflicts with language in the appendix H form attached to his judgment and sentence. We reverse the community placement sentence only and remand for resentencing to require the trial court to reconcile the conflicting language in Jones's judgment and sentence and appendix H forms and to provide for Jones's precise term of community placement. We do not require the trial court to reassess Jones's term of incarceration.

FACTS
On September 30, 1996, the King County Prosecutor's Office charged Jones by information with murder in the first degree, or in the alternative, murder in the second degree, and two counts of robbery in the second degree. On March 26, 1997, Jones pleaded guilty to charges in an amended information of murder in the second degree and one count of robbery in the first degree.
Jones's standard sentencing ranges were 165 to 219 months for the murder in the second degree and 51 to 68 months for the robbery in the first degree. The State and Jones recommended standard range sentences. On October 31, 1997, the trial court imposed a sentence of 68 months for the robbery and an exceptional sentence of 300 months for the murder. The exceptional sentence was based on Jones's "lengthy record of uncounted preage 15 felonies."[1]
Jones was also sentenced, apparently, to the statutorily mandated two years of community placement. Section 4.7 of Jones's judgment and sentence appears as follows:
COMMUNITY PLACEMENT, RCW 9.94A.120(9): Community Placement is ordered for any of the following eligible offenses: any "sex offense", any "serious violent offense", second degree assault, any offense with a deadly weapon finding, any CH. 69.50 or 69.52 RCW offense, for the maximum period of time authorized by law. All standard and mandatory statutory conditions of community placement are ordered.
[] Appendix H (for additional nonmandatory conditions) is attached and incorporated herein. *4 CP at 27. The box indicating incorporation of appendix H is checked on Jones's judgment and sentence.
Appendix H includes the following paragraphs:
COMMUNITY PLACEMENT: Defendant additionally is sentenced on convictions herein, for each sex offense and serious violent offense committed on or after 1 July 1990[sic] to community placement for two years or up to the period of earned release awarded pursuant to RCW 9.94A.150(1) and (2)[sic] whichever is longer and on conviction herein for an offense categorized as a sex offense or a serious violent offense committed after July 1, 1988, but before July 1, 1990, assault in the second degree, any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, or any felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 1988, to a one-year term of community placement.
Community placement is to begin either upon completion of the term of confinement or at such time as the defendant is transferred to community custody in lieu of early release.
CP at 29. Appendix H also lists the "MANDATORY CONDITIONS" pertaining to community placement and provides a section where "OTHER CONDITIONS"may be described. The appendix H attached to Jones's judgment and sentence is dated and signed by the trial judge.

DISCUSSION
A. Jones's Community Placement Sentence Is Insufficient Under Broadaway
A sentence must be "definite and certain." Grant v. Smith, 24 Wash.2d 839, 840, 167 P.2d 123 (1946). The Washington Supreme Court recently stated that "[w]here a sentence is insufficiently specific about the period of community placement required by law, remand for amendment of the judgment and sentence to expressly provide for the correct period of community placement is the proper course." Broadaway, 133 Wash.2d at 136, 942 P.2d at 373. Whether the boilerplate language used to sentence Jones to community placement is sufficient under Broadaway is a question of law that receives de novo review. See State v. Campbell, 125 Wash.2d 797, 800, 888 P.2d 1185, 1187 (1995).
In Broadaway, the judgment and sentence contained boilerplate language stating that "`[c]ommunity placement is ordered for a community placement eligible offense ... for the period of time provided by law.'" Id. at 135, 942 P.2d at 373 (quoting the defendant's judgment and sentence). No other reference to community placement appeared in the judgment and sentence. See id. at 135, 942 P.2d at 373. Although one year of community placement was statutorily mandated for the defendant, the trial court erroneously stated at the sentencing hearing that two years of community placement were required. See id. at 135, 942 P.2d at 373. The Washington Supreme Court held that the judgment and sentence was deficient, stating that "the sentence does not contain a provision for a one-year term of community placement imposed by the court as the statute requires." Id. at 135, 942 P.2d at 373.
Very recently, this Court noted an instance of insufficient boilerplate language for community placement sentencing. See State v. Barnett, 91 Wash.App. 671, 959 P.2d 691, 694 (1998). Although the case was remanded for resentencing on other grounds, this Court stated, "We also note that Barnett's community placement sentence was imposed as part of boilerplate language contained on his judgment and sentence form. The form lists the crimes to which community placement is applicable and states, `Community placement is ordered for the period of time provided by law.'" Id. (quoting Barnett's judgment and sentence). This Court noted that the Washington Supreme Court looked at "identical language" in Broadaway and held it to be insufficient. Barnett, 959 P.2d at 694.
Jones's judgment and sentence contains language similar to that found in Broadaway and Barnett, sentencing him to community placement "for the maximum period of time authorized by law." Despite the additional language found in appendix H which is similar *5 to that found in the statutory provision for community placement sentences,[2] Jones's judgment and sentence is insufficient because under State v. Guerin, 63 Wash.App. 117, 120-21, 816 P.2d 1249, 1251 (1991), the trial court is not limited to the statutorily provided terms of community placement.
In Guerin, this Court held that "trial courts may impose an exceptional term of community placement that does not exceed the statutory maximum when community placement is authorized." 63 Wash.App. at 121, 816 P.2d at 1251. The "maximum period of time authorized by law" for a community placement term for Jones's offense is life because that is the statutory maximum sentence for his offense. Thus, Jones's community placement term is not limited to the two-year term provided in appendix H.
Therefore, the language in Jones's appendix H providing for a two-year community placement term is at odds with the language in his judgment and sentence that potentially provides for a life term of community placement. At the very least, the two provisions create an ambiguity. We remand to require the trial court to reconcile the conflicting terms in the appendix H and judgment and sentence forms and to specify Jones's period of community placement in the judgment and sentence.
B. The Trial Court Is Not Required to Reassess Jones's Incarceration Period
Jones argues that his incarceration period should be reassessed in light of his community placement term. Whether Jones's exceptional sentence is too excessive is reviewed for abuse of discretion.[3] See State v. Ha'mim, 132 Wash.2d 834, 840, 940 P.2d 633, 636 (1997).
The Washington Supreme Court in Broadaway recommended that "[i]n addition to its statutory obligation the trial court should expressly provide in the sentence for the precise term of community placement because in many cases it will assist a trial court in assessing the overall sentence for the defendant, for example, whether to impose a sentence within the standard range." 133 Wash.2d at 135, 942 P.2d at 373. The Court stated further that "because the trial court was mistaken about the period of community placement required by law, resentencing is appropriate to allow the trial judge to reconsider the length of the standard range sentence in light of the correct period of community placement required." Id. at 136, 942 P.2d at 373.
The instant case is distinguishable from Broadaway in this regard because Jones did not receive an incorrect community placement term. In Broadaway, the reassessment of the sentence was appropriate because the trial court was mistaken about the community placement term. See id. at 136, 942 P.2d at 373. Although the trial court sentencing Jones created an ambiguity in its community placement sentence, the trial court did not provide an incorrect sentence. The trial court is not required to reassess Jones's term of incarceration.

CONCLUSION
Jones's community placement sentence is reversed and remanded to require the trial court to impose Jones's community placement *6 sentence in a manner consistent with this opinion.
KENNEDY, C.J., and BAKER, J., concur.
NOTES
[1] The trial court relied on State v. McAlpin, 108 Wash.2d 458, 464-65, 740 P.2d 824, 827 (1987), where the Court affirmed the conclusion that five prior pre-age 15 felony convictions constituted "substantial and compelling" reasons sufficient to support an exceptional sentence.
[2] RCW 9.94A.120(9)(b) provides, in pertinent part:

When a court sentences a person to a term of total confinement to the custody of the department of corrections for ... a serious violent offense ... committed on or after July 1, 1990, the court shall in addition to other terms of the sentence, sentence the offender to community placement for two years or up to the period of earned early release awarded pursuant to RCW 9.94A.150 (1) and (2), whichever is longer.
[3] "Appellate review of an exceptional sentence is governed by RCW 9.94A.210(4). An appellate court analyzes the appropriateness of an exceptional sentence by answering the following three questions under the indicated standards of review:

1. Are the reasons given by the sentencing judge supported by evidence in the record? As to this, the standard of review is clearly erroneous.
2. Do the reasons justify a departure from the standard range? This question is reviewed de novo as a matter of law.
3. Is the sentence clearly too excessive or too lenient? The standard of review on this last question is abuse of discretion."
Ha'mim, 132 Wash.2d at 840, 940 P.2d at 636.