[No. 42322-3-I.  Division One.  July 19, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. MAURICE JONES, *Appellant*.

*James R. Dixon* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Kristin E. Sweeney, Deputy*, for respondent.

PER CURIAM — The State proved beyond a reasonable doubt that Maurice Jones facilitated the sale of cocaine to an undercover officer and knew the substance exchanged was cocaine. We hold the court's judgment and sentence imposing the statutory one-year term of community placement adequately set forth the mandatory term, although we suggest a different approach.

## FACTS

For purposes of the published portion of our opinion, the relevant facts are that a jury convicted Jones of delivery of cocaine in a school bus zone. The court sentenced Jones within the standard range and imposed community placement, stating, "I will require that you have a period of community supervision—community placement" and set various conditions for completion of the placement term. Section 4.7 of Jones's judgment and sentence appears as follows:

> **COMMUNITY PLACEMENT, RCW 9.94A.120(9):** Community Placement is ordered for any of the following eligible offenses: any "sex offense," any "serious violent offense," second degree assault, any offense with a deadly weapon finding, any CH. 69.50 or 69.52 RCW offense, for the

maximum period of time authorized by law. All standard and mandatory statutory conditions of community placement are ordered.

[] **Appendix H** (for additional nonmandatory conditions) is attached and incorporated herein.

The box indicating incorporation of appendix H is checked on Jones's judgment and sentence. Appendix H, with the judge's signature affixed, includes the following in pertinent part:

> Community Placement: Defendant additionally is sentenced on convictions herein, for . . . any felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 1988, to a one-year term of community placement.
>
> Community placement is to begin either upon completion of the term of confinement or at such time as the defendant is transferred to community custody in lieu of early release.

## DECISION

■■ Jones's challenge to the court's imposition of community placement implicates two recent cases, *State v. Broadaway*[1] and *State v. Jones*.[2] In each case, the court found boilerplate language stating only that community placement was ordered for the period of time provided by law to be insufficient because it did not precisely set forth the mandatory terms.[3]

In *Broadaway*, the court sentenced defendant to a standard range sentence with a deadly weapon enhancement. The judgment and sentence included the following "boilerplate" language:

> COMMUNITY PLACEMENT. RCW 9.94A.120. Community placement is ordered for a community placement eligible offense (e.g., . . . any crime against a person with a deadly

---

[1]133 Wn.2d 118, 942 P.2d 363 (1997).

[2]93 Wn. App. 14, 968 P.2d 2 (1998).

[3]*Broadaway*, 133 Wn.2d at 135; *Jones*, 93 Wn. App. at 18-19.

weapon finding . . .), and standard mandatory conditions are ordered. Community placement is ordered for the period of time provided by law.[4]

Nothing else in the judgment and sentence referred to community placement.[5] At sentencing, the judge stated that " '[t]he statute requires two years of community placement so I'll impose that as a standard statutory condition.' "[6]

The Supreme Court found that the court erred in imposing a two-year term where the statute mandated one year of community placement. More important to our discussion here, the court found the judgment and sentence deficient because the judge did not expressly provide therein for the precise term of community placement, which is necessary to satisfy the statute and is important because it often "will assist a trial court in assessing the overall sentence" and "will also allow a defendant to appeal an erroneous sentence of community placement before serving the term of incarceration.'"[7] For these reasons, the court remanded the case for resentencing.[8]

In *Jones*, the trial court imposed an exceptional sentence, and used the same appendix H involved here which, as applied, specified the community placement term as two years.[9] We held that when read together, the appendix and boilerplate language in the judgment and sentence created an ambiguity by indicating that the term was either two years or, in the event of an exceptional sentence, up to the statutory maximum for the offense.[10]

As the State points out, however, the circumstances of *Broadaway* are not present here because the precise term

[4]*Broadaway*, 133 Wn.2d at 122.

[5]*Id.* at 135.

[6]*Id.* at 122.

[7]*Id.* at 135.

[8]*Id.* at 135-36.

[9]*Jones*, 93 Wn. App. at 16-17.

[10]*Id.* at 18-19.

of community placement is clear from the specific language of the appendix. Further, *Jones* is distinguishable because the defendant in *Jones* received an exceptional sentence, whereas Maurice Jones received a sentence at the low end of the presumptive range. Absent exceptional circumstances, a trial court may not impose a term of community placement beyond the statutory limits described in appendix H.[11] Therefore, appendix H made clear that the precise term of Maurice Jones's community placement was one year because he was sentenced within the standard range for a "felony offense under chapter 69.50." We thus see no need for remand for resentencing or clarification here.

We express our concern, however, that a judgment and sentence must comply with the unambiguous message of *Broadaway*—that is, the judgment and sentence must set forth in plain terms the specific length of community placement.[12] It should not be necessary to cross-reference from vague language in the judgment and sentence itself (e.g., "for the maximum period of time authorized by law") to an appendix containing the specific terms for the placement-eligible offenses, in order to determine the term of community placement. The judgment and sentence form should be drafted to avoid imprecise, boilerplate language, and should specify the actual term of community placement on its face in some unambiguous fashion. One solution would be to provide a single blank line upon which to specify the applicable placement term.

Affirmed. The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in

---

[11]*State v. Raines*, 83 Wn. App. 312, 316-17, 922 P.2d 100 (1996).

[12]*See Broadaway*, 133 Wn.2d at 135 ("RCW 9.94A.120(9)(a) states that 'the *court* shall in addition to the other terms of the sentence, sentence the offender to a *one-year term* of community placement . . . .' Here, the sentence does not contain a provision for a *one-year* term of community placement imposed by the court as the statute requires. In addition to its statutory obligation the trial court should expressly provide in the sentence for the precise term of community placement[.]").

654

accordance with the rules governing unpublished opinions. RCW 2.06.040.