[No. 43234-6-I.   Division One.   April 10, 2000.]

THE STATE OF WASHINGTON, *Respondent,* v. ARTIS LARIS NELSON, *Appellant.*

*David Bruce Koch* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Kristin Virginia Richardson, Deputy*, for respondent.

GROSSE, J. — Following his conviction for one count of first degree manslaughter, the court sentenced Artis Nelson to a term of community placement. Because the judgment and sentence failed to specify the actual term imposed, we remand for clarification.

## Facts

Nelson was charged with one count of first degree murder. A jury found him guilty of first degree manslaughter while armed with a deadly weapon. At sentencing, the court imposed a 150-month standard range sentence, which

included 60 months for the deadly weapon enhancement. The court also stated that it was imposing a term of community placement, which it "believed" was 24 months.

Section 4.7 of Nelson's judgment and sentence contained boilerplate language stating that community placement was ordered for any "serious violent offense" and for "any offense with a deadly weapon finding" for "the maximum period of time authorized by law." A box in Section 4.7 was checked indicating that appendix H was attached and incorporated. Appendix H, which was signed by the sentencing judge, contained the following preprinted language, which was based on RCW 9.94A.120:

> 4.5 Community Placement: Defendant additionally is sentenced on convictions herein, for each sex offense and serious violent offense committed on or after 1 July 1990 to community placement for two years or up to the period of earned release awarded pursuant to RCW 9.94A.150(1) and (2) whichever is longer and on conviction herein for . . . any crime against a person where it is determined in accordance with RCW 9.94A.125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission . . . to a one-year term of community placement.

## Decision

■ On appeal, Nelson contends that the sentencing court erred by failing to specify a definite term of community placement. He argues that the boilerplate language used in the judgment and sentence and appendix H does nothing more than set forth the potential statutory periods of community placement and therefore fails to comply with the requirements of *State v. Broadaway*[1] and *State v. Jones*[2] (hereinafter referred to as *Lonnie Jones*). Under the specific facts of this case, we agree.[3]

In *Broadaway*, the only reference to community place-

---

[1] *State v. Broadaway*, 133 Wn.2d 118, 942 P.2d 363 (1997).

[2] *State v. Jones*, 93 Wn. App. 14, 968 P.2d 2 (1998) (*Lonnie Jones*).

[3] The State argues that Nelson cannot challenge the term of community placement for the first time on appeal. We disagree. An appellate court has the duty to

ment in the judgment and sentence.was boilerplate language ordering community placement "for a community placement eligible offense . . . for the period of time provided by law."[4] The Supreme Court remanded the case for resentencing, concluding that such language was insufficiently specific to impose the required one-year community placement term:

> Here, the sentence does not contain a provision for a *one-year* term of community placement imposed by the court as the statute requires. In addition to its statutory obligation the trial court should expressly provide in the sentence for the precise term of community placement because in many cases it will assist a trial court in assessing the overall sentence for the defendant, for example, whether to impose a sentence within the standard range. It will also allow a defendant to appeal an erroneous sentence of community placement before serving the term of incarceration.[5]

In *Lonnie Jones*, the court found that a boilerplate provision in the judgment and sentence ordering community placement " 'for the maximum period of time authorized by law' " was at odds with language in appendix H that appeared to impose a two-year term of community placement.[6] The court concluded that an ambiguity arose when the two provisions were construed together because the sentencing court was also authorized to impose an exceptional term of community placement that exceeded the two-year term specified in appendix H.[7]

This court recently addressed similar issues in *State v. Jones*[8] (hereinafter referred to as *Maurice Jones*) in which the defendant was convicted of selling cocaine. At sentenc-

---

rectify an insufficiently specific period of community placement whenever the deficiency is discovered. *See Broadaway*, 133 Wn.2d at 136.

[4]*Broadaway*, 133 Wn.2d at 122.

[5]*Broadaway*, 133 Wn.2d at 135.

[6]*Lonnie Jones*, 93 Wn. App. at 18-19.

[7]*Lonnie Jones*, 93 Wn. App. at 19.

[8]*State v. Jones*, 96 Wn. App. 649, 980 P.2d 791 (1999) (*Maurice Jones*).

ing, the court indicated that it was imposing a period of community placement, but did not specify the precise term in the judgment and sentence. After reviewing essentially the same boilerplate language used in this case, the *Maurice Jones* court concluded that when there are no exceptional circumstances and the defendant is sentenced to a standard-range term, the language in appendix H ordering community placement for a "felony offense under chapter 69.50" is sufficient to specify a one-year term and a remand for clarification is not necessary.[9] In reaching its decision, the *Maurice Jones* court distinguished both *Broadaway*, which did not involve language comparable to appendix H, and *Lonnie Jones*, which involved an exceptional sentence.[10]

But contrary to the State's suggestion, we find *Maurice Jones* distinguishable because the applicable period of community placement in that case was readily apparent from the face of the sentencing documents. In this case, however, the period of community placement cannot be determined merely by reviewing the judgment and sentence or its appendices.

The terms of Nelson's community placement are immediately ambiguous because the preprinted language of appendix H states the applicable community placement period could be based on either a conviction for a "serious violent offense" or the "deadly weapon" finding. This ambiguity can be resolved only by going outside the sentencing documents and consulting RCW 9.94A.030(31)(a), which classifies first degree manslaughter as a "serious violent offense." It then becomes necessary to review RCW 9.94A-.150(1) and (2) to calculate Nelson's maximum potential earned early release award, a calculation that depends on the date and nature of the offense. For example, any portion of the sentence resulting from deadly weapon enhance-

---

[9]*Maurice Jones*, 96 Wn. App. at 653.

[10]*Maurice Jones*, 96 Wn. App. at 652-53.

ments under RCW 9.94A.310(3) or (4) is not subject to an award of earned early release.[11]

Thus, the applicable period of community placement can be determined only after calculating that Nelson's maximum potential earned early release award is less than two years. Unlike the circumstances in *Maurice Jones*, we cannot say that the boilerplate language of appendix H "made clear" that the fixed term of Nelson's community placement was two years.[12]

■ As the *Broadaway* court noted, the use of the actual term of community placement on the sentencing documents is important because it may assist the sentencing court in assessing the overall sentence and permits the defendant to appeal an erroneous term of community placement before serving the term of incarceration.[13] But knowledge of the actual term of community placement is equally important at the time the defendant is required to comply with the conditions of community placement. In some cases, this will not occur until many years after sentencing. At that point, the interested parties should not have to search through an oral decision or years of statutory amendments in order to ascertain the precise term of community placement when, as here, that term could have been specifically determined and recorded at the time of sentencing.

We recognize that there may be instances when the defendant's potential earned early release award is greater than the fixed period of community placement specified in RCW 9.94A.120. In such cases, the term of community placement cannot be specified at sentencing because it is contingent on the amount of early release time that the defendant actually earns. But even if a specific term cannot be imposed, we construe *Broadaway* to impose on the sentencing court an obligation to be aware of the maximum potential period of community placement.

---

[11]RCW 9.94A.150(1).

[12]*See Maurice Jones*, 96 Wn. App. at 653.

[13]*Broadaway*, 133 Wn.2d at 135.

We remand with directions to amend the judgment and sentence so that it clearly states the actual term of community placement.

AGID, C.J., and BAKER, J., concur.