[No. 49496-1-I.   Division One.   December 23, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE MITCHELL, *Appellant*.

*Catherine L. Floit*; and *David B. Koch* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Adrienne T. McCoy* and *Ian M. Goodhew, Deputies*, for respondent.

BECKER, C.J. — A judgment and sentence must be definite and certain. But a precise term of community custody cannot be specified at sentencing when it is contingent on the amount of early release time the defendant may earn while incarcerated. Appellant Mitchell contends that a sentence must at least state the maximum potential period of earned early release in order to notify the defendant as to the potential maximum period of community custody. We hold a sentence need not include this information to be definite and certain, and reject Mitchell's request to remand his sentence.

"Community custody" is a portion of a sentence that is served in the community subject to controls placed on the

offender's movement and activities by the Department of Corrections. RCW 9.94A.030(5). The period of time in which an offender is subject to the conditions of community custody is known as "community placement."[1] A term of community custody begins either upon completion of the term of confinement, or when an offender is transferred to community custody in lieu of earned release. RCW 9.94A.715(1). There are standard ranges for community custody depending on the offense.[2]

A jury convicted Mitchell on one count of possession of heroin. The date of the offense was April 14, 2001. The pertinent statute is RCW 9.94A.715(1). That statute required the court to sentence Mitchell to a term of community custody in addition to a term of confinement in prison because possession of heroin is a felony offense under chapter 69.50 RCW, the Uniform Controlled Substances Act. The statute provides that the court shall "sentence the offender to community custody for the community custody range established under RCW 9.94A.850 or up to the period of earned release awarded pursuant to RCW 9.94A.728(1) and (2), whichever is longer." RCW 9.94A.715(1).

Mitchell's sentence complies with the statute. It specifies a statutory term of community custody of 9 to 12 months "or for the entire period of earned early release awarded under RCW 9.94A.150,[3] whichever is longer." This term of community custody is in addition to Mitchell's 57-month term of confinement, a standard range sentence. Mitchell's term of community custody will begin—at the latest—when he

---

[1] Community placement is "that period during which the offender is subject to the conditions of community custody and/or postrelease supervision, which begins either upon completion of the term of confinement (postrelease supervision) or at such time as the offender is transferred to community custody in lieu of earned release. Community placement may consist of entirely community custody, entirely postrelease supervision, or a combination of the two." RCW 9.94A.030(7).

[2] A community custody range is determined by the sentencing guidelines commission pursuant to its authority under RCW 9.94A.850. The Department of Corrections determines when within this range to discharge the offender from community custody. RCW 9.94A.715(4).

[3] The earned early release statute, formerly RCW 9.94A.150(1) (2000), has been recodified as RCW 9.94A.728.

completes his 57-month term of confinement. But if he earns early release, it will begin on the date on which he is transferred to community custody in lieu of earned release. RCW 9.94A.715(1). In the best-case scenario for him, he would earn early release from prison after 38 months. He would then spend the next 19 months in community custody. In the worst-case scenario for him, he would earn no early release, would be released from prison after 57 months, and would then spend 9 to 12 additional months in community custody.

■ On appeal Mitchell contends his sentence is flawed because it does not state the potential maximum period of community custody. Whether a sentence is sufficiently specific about a term of community custody is a question of law that is reviewed de novo. *State v. Jones*, 93 Wn. App. 14, 17-18, 968 P.2d 2 (1998).

■ A sentence must be " 'definite and certain.' " *Jones*, 93 Wn. App. at 17 (quoting *Grant v. Smith*, 24 Wn.2d 839, 840, 167 P.2d 123 (1946)). The Supreme Court applied this principle to community placement in *State v. Broadaway*, 133 Wn.2d 118, 942 P.2d 363 (1997). The judgment and sentence at issue in *Broadaway* contained boilerplate language stating that "Community placement is ordered for a community placement eligible offense . . . for the period of time provided by law." *Broadaway*, 133 Wn.2d at 135. The judgment and sentence was deficient because the sentence did not specify that the term of community placement would be one year, as required by the pertinent statute. *Broadaway*, 133 Wn.2d at 135. "Where a sentence is insufficiently specific about the period of community placement required by law, remand for amendment of the judgment and sentence to expressly provide for the correct period of community placement is the proper course." *Broadaway*, 133 Wn.2d at 136.

*Broadaway* compelled the result in *State v. Nelson*, 100 Wn. App. 226, 996 P.2d 651 (2000), the case on which Mitchell principally relies. The defendant in *Nelson* was found guilty of first degree manslaughter while armed with

a deadly weapon. According to the sentence, his statutory term of community placement could be two years if his conviction was for a "serious violent offense," or one year for the deadly weapon finding. The uncertainty could not be resolved without consulting statutes to learn that first degree manslaughter is a serious violent offense. *Nelson*, 100 Wn. App. at 230. The applicable period of community placement could then be fixed at two years, but only after taking the additional step of calculating Nelson's maximum potential earned early release award and perceiving that it was less than two years. *Nelson*, 100 Wn. App. at 231. The court remanded Nelson's sentence with directions to amend the judgment and sentence to clearly state that the actual term of community placement was two years.

Although the length of the community placement term in *Nelson* was capable of definite statement, the court recognized that in other cases it would not be—specifically, where the defendant's earned early release award is potentially for a longer period than the fixed period of community placement specified by the relevant statute. *Nelson*, 100 Wn. App. at 231. That is the situation here, unlike *Nelson*, where the defendant's maximum earned early release award could not be longer than the two-year statutory term. Mitchell, through good conduct as an inmate, may be able to earn early release from confinement. The potential period of his earned early release appears to be 19 months (one-third of the total sentence).[4] This is greater than the fixed period of 9 to 12 months specified by statute. Because of this factual variation, *Nelson*'s holding is not directly applicable to Mitchell's sentence.

Mitchell's request for a remand is based upon *Nelson*'s statement, in dicta, that "even if a specific term cannot be imposed, we construe *Broadaway* to impose on the sentencing court an obligation to be aware of the maximum potential period of community placement." *Nelson*, 100 Wn. App. at 231. Mitchell argues that a sentencing court cannot

---

[4] The aggregate earned release award may equal but not exceed one-third of the total sentence. RCW 9.94A.728(1) (formerly RCW 9.94A.150(1)).

"be aware of" the maximum potential period of community placement without calculating it precisely. He then concludes that these precise calculations must be recorded on the judgment and sentence.

We decline to solidify the dicta in *Nelson* into a rigid requirement for spelling out the precise calculations that will establish the maximum term of community custody. Such annotations would make the typical sentence a longer document but not necessarily one that is more definite and certain.

*Nelson* articulates the reasons for making a sentence as precise as possible with respect to a term of community placement. First, as the *Broadaway* court noted, in many cases it will assist the sentencing court in assessing the overall sentence. Second, it will allow a defendant to appeal an erroneous term of community placement before serving the term of incarceration. Third, at the end of the period of incarceration when the defendant is required to begin complying with the conditions of community placement, the interested parties will "not have to search through an oral decision or years of statutory amendments in order to ascertain the precise term of community placement." *Nelson*, 100 Wn. App. at 231.

■ Mitchell's sentence adequately satisfies the concerns articulated in *Nelson*. First, when a term of community placement cannot be specifically determined and recorded at sentencing because of a contingency within the defendant's own control, a general awareness of that contingency will suffice to assist the sentencing court in assessing the overall sentence. To go further and hold that a court must precisely calculate the maximum number of good time credits the defendant can potentially earn in order to assess the overall sentence would be inconsistent with the Supreme Court's reasoning in *State v. Sledge*, 133 Wn.2d 828, 844-46, 947 P.2d 1199 (1997) (speculative possibility of earned early release should not be assumed by sentencing court when deciding whether to impose an exceptional sentence).

Second, greater definition is not necessary in this case to permit Mitchell to appeal an erroneous term of community custody before serving the term of incarceration. He has not shown his term of community custody to be in any way erroneous.

Third, determining the length of Mitchell's term of community custody will not require searching through an oral decision or years of statutory amendments. It depends on information that cannot be definitely known until he finishes his term of incarceration, namely, the length of the period of early release he has earned while in prison (if any). If the period of early release he has earned is longer than his statutory term, it will become the term of his community custody. If the statutory term is longer, it will become the term of his community custody. Because this is clearly provided for by the sentence in its present form, further elaboration is unnecessary.

Affirmed.

Cox and Appelwick, JJ., concur.