[No. 51583-7-I.   Division One.   March 22, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. STEVEN D. PHARRIS, *Appellant*.

---

662

*Christopher Gibson* (of *Nielsen, Broman & Koch, P.L.L.C.*) and *Catherine E. Glinski,* for appellant.

*Janice E. Ellis, Prosecuting Attorney,* and *Thomas M. Curtis, Deputy,* for respondent.

ELLINGTON, J. — A judgment and sentence must specify the term of community custody imposed. A sentence imposing a period of community custody equal to the statutory range or the period of earned early release awarded, whichever is greater, is sufficiently specific, whether or not the defendant can earn early release that will exceed the statutory range for community custody. We therefore affirm Pharris's standard range sentence.

## FACTS

On November 21, 2002, Steven Pharris entered an *Alford*[1] plea to one count of possession of methamphetamine while armed with a firearm. He challenges his sentence.

## DISCUSSION

■ Community Custody. Under *State v. Broadaway,*[2] a judgment and sentence must specify the term of community custody; if the sentence is insufficiently specific, a remand is required. At Pharris's sentencing, the court imposed community custody for the period of the statutory range or for the period of earned release awarded pursuant to RCW 9.94A.728(1) and (2), *"whichever is longer."*[3] Pharris argues this provision is fatally imprecise because the maximum earned early release he could be awarded (9.6 months) could not exceed the statutory community custody range of 9 to 12 months. He maintains the judgment and sentence must therefore be "clarified" by removal of the boilerplate reference to earned early release.

Two cases decided after *Broadaway* are relevant here, as are statutory amendments. In *State v. Nelson,*[4] the sentence contained only boilerplate language identifying the statutory period of community placement for two separate

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] 133 Wn.2d 118, 136, 942 P.2d 363 (1997).

[3] Clerk's Papers at 25 (emphasis added).

[4] 100 Wn. App. 226, 228, 996 P.2d 651 (2000).

categories of offenses (serious violent offenses and offenses with deadly weapon findings). These references were ambiguous, and the applicable period could be determined only after ascertaining whether Nelson's conviction was for a serious violent offense, and then calculating his maximum potential release award, which depended upon the date and nature of the offense and upon knowing that any portion of the sentence resulting from a deadly weapon finding did not qualify for earned early release. This approach did not make clear the potential term of community placement. We held that the sentencing court must record the applicable period on the judgment and sentence:

> As the *Broadaway* court noted, the use of the actual term of community placement on the sentencing documents is important because it may assist the sentencing court in assessing the overall sentence and permits the defendant to appeal an erroneous term of community placement before serving the term of incarceration. But knowledge of the actual term of community placement is equally important at the time the defendant is required to comply with the conditions of community placement. In some cases, this will not occur until many years after sentencing. At that point, the interested parties should not have to search through an oral decision or years of statutory amendments in order to ascertain the precise term of community placement when, as here, that term could have been specifically determined and recorded at the time of sentencing.[5]

We noted, however, that a precise term of community placement cannot be specified when the potential earned early release period is *greater* than the statutory term of community placement, because the term would be contingent on the amount of early release time actually awarded.[6]

After *Nelson* was decided, the statute was amended to replace the fixed term of community placement with a

---

[5] *Nelson*, 100 Wn. App. at 231 (citing *Broadaway*, 133 Wn.2d at 135).

[6] *Id.*

range of community custody.[7] The Department of Corrections now determines at what point within this range the defendant is released from community custody.[8]

In *State v. Mitchell*,[9] the defendant argued that under *Nelson*, the sentencing court was required to notify the defendant of the maximum potential period of community custody by calculating and recording the maximum potential period of earned early release on the judgment and sentence. We rejected this argument, and held that a sentence specifying the statutory range and stating the contingent nature of the earned early release award, without further elaboration, is sufficiently definite to comply with *Broadaway* and *Nelson*.[10] In doing so, we observed that in *Nelson*, the maximum earned release was less than the statutory 24-month period.

Based upon this observation, Pharris argues there is now a *Nelson* rule and a *Mitchell* rule, depending upon whether the maximum earned early release award is greater or less than the statutory range of community custody. Where (as in his case) the maximum award is less than the range, Pharris contends the language "for the entire period of earned early release awarded . . . whichever is longer" must be stricken from the judgment and sentence.

This is incorrect. There is one rule, and it is a requirement that the judgment and sentence make clear, insofar as circumstances permit, what community custody obligation is imposed. Where the potential earned early release award cannot exceed the statutory community custody period, referencing both may be redundant, but it is not fatally imprecise.[11] There is no ambiguity here compa-

[7] RCW 9.94A.715(1).

[8] RCW 9.94A.715(4).

[9] 114 Wn. App. 713, 59 P.3d 717 (2002).

[10] *Id.* at 718-19.

[11] We are aware that this issue is confusing and has generated several analytical approaches in unpublished opinions. We take this opportunity to clarify the correct approach.

rable to that in *Nelson*. Rather, as in *Mitchell*, Pharris's sentence states the possibilities with sufficient specificity to permit determination of the length of community custody without reference to external sources of information other than rules for awarding earned early release.

As noted by the State, the 2003 amendments to RCW 9.94A.728 have increased the potential award of earned early release to one-half the sentence for many offenses. The amendments are retroactive. Calculation of potential earned release time at the point of sentencing is thus even more problematic than before, and requiring such calculations at sentencing would just result in many inaccuracies. The commonsense approach adopted in *Mitchell* is the correct approach.

Pharris alleges only potentially superfluous language; he makes no claim that the judgment and sentence was confusing or inaccurate, or that he was somehow prejudiced by the expression of contingent possibilities. There is nothing to clarify here, and no reason to remand.

Exceptional Sentence. In another matter pending at the same time as this one, Pharris was charged with unlawful imprisonment and second degree assault while armed with a deadly weapon, based on an incident in which he beat, stabbed, and burned his girl friend over a period of seven hours. He entered an *Alford* plea on those charges on the same day as he entered the plea in this case.

Pharris was sentenced on both cause numbers on December 9, 2002. On the drug charge (this case), the court imposed a 47-month standard range term. In the other case, the court found that Pharris's conduct during the assault (1) manifested deliberate cruelty, and (2) involved domestic violence and manifested deliberate cruelty and intimidation of the victim. The court therefore imposed an exceptional sentence, consisting of standard-range terms of 96 months (on the assault count) and 60 months (on the unlawful imprisonment count), concurrent to one another

but consecutive to the sentence imposed on the drug charge in this case, and therefore outside the standard range.[12]

The exceptional sentence in the assault case has already been affirmed.[13] Pharris now contends that in this case the court also imposed an exceptional sentence, which is not supported by the record or by the required findings and must be vacated.

Pharris's argument elevates form over substance. The sentence in this case is within the standard range. Pharris relies entirely upon the following handwritten notation: "The sentence herein shall run consecutively with the sentence in [the assault conviction] but concurrently to any other felony cause not referred to in this Judgment. RCW 9.94A.589."[14] This is plainly nothing but a cross reference to the exceptional sentence in the assault case.

■ When an otherwise presumptively concurrent sentence is ordered to run consecutively to another current, standard-range sentence, only one exceptional sentence is imposed. That sentence has already been affirmed. There is nothing further to address.

Affirmed.

COLEMAN and AGID, JJ., concur.

---

[12] *See* RCW 9.94A.535. The assault sentence contains the following notation:

All counts shall be served concurrently, except for the portion of those counts for which there is a special finding of a firearm or other deadly weapon as set forth above at Section 2.3, and except for the following counts which shall be served consecutively: *the court finds that an exceptional sentence is appropriate, and [the sentence in the drug charge] is to be run consecutively.*

Clerks Papers at 25 (emphasis added). *State v. Pharris,* noted at 119 Wn. App. 1008, 2003 WL 22683355.

[13] *Pharris,* 119 Wn. App. 1008.

[14] Clerk's Papers at 25.