# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68674-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| A.T., | ) | UNPUBLISHED OPINION |
| B.D. 03/11/95, | ) | |
| | ) | |
| Appellant. | ) | FILED: OCT 7 2013 |

PER CURIAM — After the juvenile court revoked A.T.'s deferred disposition for first degree theft, it entered a disposition imposing, among other things, six months of community supervision, notification of the Department of Licensing (DOL), and no-contact with the victim of the theft. A.T. appeals the DOL notification provision and the no-contact order. We remand for further proceedings.

A.T. contends, and the State concedes, that the juvenile court lacked authority to order that "[t]he Department of Licensing shall be notified of this conviction." Clerk's Papers (CP) at 28. A juvenile's commission of certain offenses requires notification of the DOL and driver's license revocation. But first degree theft is not among these offenses. RCW 46.20.265(1). We therefore accept the State's concession of error.

The parties disagree, however, as to the appropriate remedy. A.T. requests that we strike the notification order from the disposition and direct the juvenile court "to notify the DOL that the notification was in error and that A.T. is not subject to license revocation." The State requests that we merely strike the notification order.

Under RAP 12.2, this court has authority to "reverse, affirm, or modify the decision being reviewed and take any other action as the merits of the case and the interest of justice may require." We direct the juvenile court to strike the DOL notification order from the disposition and to notify DOL that the notification order was entered in error and that A.T.'s license is not subject to revocation under that order.

A.T. next challenges the portion of the disposition ordering him to have no contact with the victim of the theft. The no contact provision, which is listed under "other orders" of the court and not under the conditions of community supervision, does not include an expiration date. A.T. contends we must remand for the court to clarify the duration of the no-contact order. We agree.

A sentence must be "definite and certain." State v. Mitchell, 114 Wn. App. 713, 716, 59 P.3d 717 (2002) (quoting State v. Jones, 93 Wn. App. 14, 17, 968 P.2d 2 (1998)). Because A.T.'s no-contact provision is not listed as a condition of community supervision,[1] and because the court provided no statutory basis or time limit for the provision, the intended duration of the provision is unclear.[2] Where a sentence is insufficiently specific, "remand for amendment of the judgment and

---

[1] The order of disposition clearly limits the period of supervision to six months.

[2] We note that this court recently held that juvenile courts have authority to impose domestic violence no-contact provisions for up to the statutory maximum of the offense, even if that maximum sentence exceeds the juvenile's eighteenth birthday. State v. W.S., No. 68378-1-I, 2013 WL 4432220 (Wash. Ct. App. Aug. 19, 2013). While this is not a domestic violence case, the holding in W.S. underscores the importance of identifying the duration of a no-contact provision if the duration is not otherwise clear from the judgment and sentence.

No. 68674-7-I/3

sentence . . . is the proper course." <u>State v. Broadaway</u>, 133 Wn.2d 118, 136, 942 P.2d 363 (1997).

Remanded for proceedings consistent with this opinion.

For the court:

_Schindler, J_

_Leach, J_

_Spearman, A.C.J_