2014 SEP 29 AM II: 05


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | No. 71108-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ELIAS MEHARI REDA, | ) | |
| | ) | |
| Appellant. | ) | FILED:  SEP 2 9 2014 |
| | ) | |

PER CURIAM.  Elias Reda appeals from the judgment and sentence imposed following his conviction for residential burglary.  The State concedes, and we agree, that section 4.5 of the judgment and sentence is not sufficiently definite because the no-contact provision fails to specify a duration or expiration date.  See State v. Mitchell, 114 Wn. App. 713, 716, 59 P.3d 717 (2002) (sentence must be definite and certain).  Accordingly, we remand to the trial court to clarify the term of the no-contact provision.  See State v. Broadaway, 133 Wn.2d 118, 136, 942 P.2d 363 (1997).

In his statement of additional grounds for review, Reda contends that the jury instructions relieved the State of its burden to prove that he committed residential burglary.  He argues that instruction 10, which defined "premises" as "any building, dwelling, or real property," see RCW 9A.52.010(6), and instruction 11, which defined "enters or remains unlawfully," see RCW 9A.52.010(5), likely misled the jury to find

him guilty of residential burglary merely because he entered the victim's back yard. Reda maintains that the State's closing argument reinforced the inaccurate instructions.

Jury instructions are sufficient if they correctly state the law, are not misleading, and permit the parties to argue their theories of the case. State v. Killingsworth, 166 Wn. App. 283, 288, 269 P.3d 1064 (2012). Here, instruction 13, the "to convict instruction," required the State to prove beyond a reasonable doubt that Reda unlawfully entered a "dwelling." Instruction 9 correctly defined a "dwelling." During closing argument, the deputy prosecutor repeatedly informed the jury that it had to find that Reba entered the victim's house in order to convict him of residential burglary.

Viewed in their entirety, the jury instructions accurately stated the law, were not misleading, and did not mischaracterize or reduce the State's burden of proof. Nor has Reba identified any improper closing argument. He has therefore failed to demonstrate any error.

We affirm Reba's conviction; we remand only to permit the trial court to clarify the term of the no-contact provision.

For The Court:

Becker,

Trickey, J

Appelwick

-2-